**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

INFINITY CAPITAL INCOME FUND, LLC,

        Plaintiff,

v.                                Case No:   6:24-cv-1869-JSS-LHP

JUSTIN NGUYEN,

        Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY (Doc. No. 7)
>
> **FILED:** October 18, 2024
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff Infinity Capital Income Fund, LLC instituted this action by complaint filed against Defendant Justin Nguyen on October 17, 2024, alleging claims of fraud, conversion/civil theft, and unjust enrichment.  Doc. No. 1.

Plaintiff alleges that Defendant falsely represented that he was a party to three (3) non-existent real estate transactions, falsely represented that a company named Ocean X Title was a title company handling the closings, caused Plaintiff to wire funds for short-term loans related to these real estate transactions to bank accounts for Ocean X Title, and Defendant absconded with the funds.  *Id.*  The funds include $515,000.00 wired to an account in the name of Ocean X Title at Metropolitan Commercial Bank, and $724,000.00 wired to an account in the name of Ocean X Title at Thread Bank.  *Id.* ¶¶ 13–14.  Plaintiff tried to reverse the wires, but was only able to recover $635.73 from Thread Bank.  *Id.* ¶ 17.

Plaintiff has not filed any requests for temporary restraining order/preliminary injunction, but the day after filing the complaint, Plaintiff filed the above-styled motion requesting to engage in immediate/expedited discovery. Doc. No. 7.  Specifically, Plaintiff wants to immediately issue third-party subpoenas duces tecum, covering the time periods of either July 1, 2024 or May 17, 2024 to present, to: (1) Metropolitan Commercial Bank for account records and IP address logs; (2) Thread Bank for production of account records and IP address logs; (3) NameSilo, LLC, the registrar of the domain named used by Ocean Title X, for domain name account records and IP address logs; (4) any individual, entity, or banking institution identified in the Metropolitan Commercial Bank or Thread Bank account records to which funds have been transferred; and (5) any internet service

providers revealed in the IP address logs produced by Metropolitan Commercial Bank, Thread Bank, and NameSilo. *Id.* at 1–2. Plaintiff says this discovery "is necessary in order for [it] to determine exactly what happened to [Plaintiff's] funds, and who was involved," and that "delay increases the possibility that critical information will be lost, and the opportunity to recover the stolen funds will be diminished." *Id.* at 3. As to IP logs specifically, Plaintiff says those are often not retained for a substantial length of time and once deleted, cannot be recovered. *Id.* at 6. Plaintiff submits no proposed subpoenas with its motion, and includes only a website printout for Whois Record for OceanXTitle.com. Doc. No. 7-1.

Upon consideration, Plaintiff's motion (Doc. No. 7) will be denied without prejudice. As an initial matter, the docket does not yet reflect service of the summons and complaint on Defendant, nor has Defendant otherwise appeared in this case to date. Moreover, the certificate of service in the motion is ambiguous, and it is not clear whether Plaintiff served a copy of the motion on Defendant either. Doc. No. 7, at 9.[1] Assuming the motion has not been served on Defendant, Plaintiff

---

[1] The certificate of service states:

I HEREBY CERTIFY that on the 18th day of October, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing

has not demonstrated that expedited/immediate discovery, without any notice to Defendant, would be appropriate. *Id.* See also *ADAPCO, LLC v. Heylek*, No. 6:19-cv-16-Orl-37DCI, 2019 WL 12021671, at *2 (M.D. Fla. Apr. 10, 2019) (noting failure to contain a certificate of service under Federal Rule of Civil Procedure 5 as basis for denial of motion for expedited discovery); *Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc.*, No. 12-61670-CIV, 2012 WL 3848621, at *1 (S.D. Fla. Sept. 5, 2012) (denying reconsideration on, among other things, motion for expedited discovery filed before service of the complaint that failed to contain a certificate of service stating it was served on the defendant).

Plaintiff's motion is also substantively problematic in several respects. Generally, "[a] party may not seek discovery from any source" before a case management conference has been conducted pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). However, "[a] district court has the discretion to order expedited discovery if the party seeking it establishes 'good cause' for such discovery." *Centennial Bank v. ServisFirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2016 WL 7376655, at *2 (M.D. Fla. Jan. 29, 2016) (citing *Tracfone Wireless, Inc.*

---

through the Court's CM/ECF System.

Doc. No. 7, at 9.  Given that Defendant has not yet appeared in the case, Defendant will not receive electronic notice nor mailing from the Court.  *See also* Fed. R. Civ. P. 5(b)(2).

- 4 -

*v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015)). "In deciding whether a party has shown good cause, a court considers: '(1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made.'" *Id.* (quoting *Thyssenkrupp Elevator Corp. v. Hubbard*, No. 2:13-cv-202-FtM-29SPC, 2013 WL 1953346, at *1 (M.D. Fla. May 10, 2013)).

Here, the first factor weighs against Plaintiff because there is no motion for preliminary injunction pending. The fifth factor also weighs against Plaintiff because the request for expedited discovery was filed only one day after the complaint, and before Defendant has been served/appeared in the matter. *See, e.g.*, *Randstad Professionals US, LLC v. Tamberrino*, No. 1:18-CV-00940-ELR, 2018 WL 2760359, at *1 (N.D. Ga. Mar. 8, 2018) (denying expedited discovery when, among other things, no motion for preliminary injunction was pending and the defendants had not yet been served).

The second factor cannot be evaluated at this time because Plaintiff submits no proposed subpoenas with the motion, rendering the Court unable to assess the breadth of the proposed discovery. And Plaintiff's analysis of the third factor does not demonstrate that expedited/immediate discovery is warranted at this stage because Plaintiff submits no evidence supporting its claims that "critical

- 5 -

information will be lost" absent expedited discovery, and the Court will not rely on unsubstantiated claims to that effect. *Cf. Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (denying expedited discovery because: "The Court has no reason to suspect that records maintained by third-party financial institutions would become 'lost or unavailable' in the coming weeks or months, and Plaintiff has provided no evidentiary support for this claim.").

The Court also finds unpersuasive Plaintiff's argument to the fourth factor that compliance with the subpoenas "would be so narrow as impose no burden at all, or at most, a *de minimis* one," without evidence supporting same. *See* Doc. No. 7, at 7. *Cf. Mineola Holdings, Inc. v. Stoney Brook Fin. P'ship Ltd.*, No. 6:20-cv-2081-Orl-78LRH, 2020 WL 10357241, at *3 (M.D. Fla. Dec. 8, 2020 ("Plaintiff's conclusory suggestion that there 'should be little burden' because the requested documents are historical and readily available is unpersuasive without evidence supporting same.").

Accordingly, Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery (Doc. No. 7) is **DENIED without prejudice**. Any renewed motion must address, with citation to evidence and/or legal authority, the issues outlined in this Order, and must contain a certificate of service demonstrating that Plaintiff served the motion on Defendant.

information will be lost" absent expedited discovery, and the Court will not rely on unsubstantiated claims to that effect. *Cf. Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008) (denying expedited discovery because: "The Court has no reason to suspect that records maintained by third-party financial institutions would become 'lost or unavailable' in the coming weeks or months, and Plaintiff has provided no evidentiary support for this claim.").

The Court also finds unpersuasive Plaintiff's argument to the fourth factor that compliance with the subpoenas "would be so narrow as impose no burden at all, or at most, a *de minimis* one," without evidence supporting same. *See* Doc. No. 7, at 7. *Cf. Mineola Holdings, Inc. v. Stoney Brook Fin. P'ship Ltd.*, No. 6:20-cv-2081-Orl-78LRH, 2020 WL 10357241, at *3 (M.D. Fla. Dec. 8, 2020 ("Plaintiff's conclusory suggestion that there 'should be little burden' because the requested documents are historical and readily available is unpersuasive without evidence supporting same.").

Accordingly, Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery (Doc. No. 7) is **DENIED without prejudice**. Any renewed motion must address, with citation to evidence and/or legal authority, the issues outlined in this Order, and must contain a certificate of service demonstrating that Plaintiff served the motion on Defendant.

**DONE** and **ORDERED** in Orlando, Florida on October 23, 2024.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties