UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

INFINITY CAPITAL INCOME
FUND, LLC,

    Plaintiff,

v.                                        Case No: 6:24-cv-1869-JSS-LHP

JUSTIN NGUYEN,

    Defendant.
_____/

## ORDER

Plaintiff, Infinity Capital Income Fund, LLC, moves for default judgment against Defendant, Justin Nguyen. (Dkt. 18.) The magistrate judge recommends that the motion be granted in part and denied in part. (Dkt. 19.) Plaintiff objects to the recommendation. (Dkt. 20.) Upon consideration, for the reasons outlined below, the court overrules Plaintiff's objections and adopts the magistrate judge's recommendation.

## BACKGROUND

On October 17, 2024, Plaintiff initiated this action against Defendant, raising allegations of fraud, conversion/civil theft, and unjust enrichment. (Dkt. 1.) Plaintiff, a commercial lender, alleges that Defendant falsely represented that he sought short-term financing to complete three contemplated real estate transactions. (*Id.* at 2–3.) Plaintiff further alleges that Defendant fraudulently induced Plaintiff to transfer

$1,239,000 to a company and then absconded with those funds. (*Id.* at 3–4.) While Plaintiff was able to recover $635.73 from one of the banks with whom the company purportedly held accounts, Plaintiff seeks to recover the remaining $1,238,364.27, in addition to punitive damages and costs. (*Id.* at 4–8.)

Plaintiff properly served Defendant on October 24, 2024. (Dkt. 14.) Defendant failed to respond or otherwise appear, however, and a clerk's default was entered against him. (Dkt. 17.) Plaintiff now moves for default judgment. (Dkt. 18.) The magistrate judge recommends that the motion be granted in part and denied in part. (Dkt. 19.) The magistrate judge recommends that the court find Defendant liable for all three counts of Plaintiff's complaint but otherwise deny the motion without prejudice, defer ruling on the issue of damages, and refer that issue to the magistrate judge for appropriate proceedings. (*Id.* at 14–15.) Defendant has neither appeared nor objected to the report and recommendation, and the time do so has passed. However, Plaintiff has filed a limited objection to the report and recommendation, arguing that the court should grant it an award of actual damages—$1,238,364.27—and refer this matter to the magistrate judge for resolution only of its request for punitive damages and prejudgment interest. (Dkt. 20.)

## APPLICABLE STANDARDS

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72. With respect to non-dispositive matters, the

district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020). For dispositive matters, the district judge must conduct a de novo review of any portion of the report and recommendation to which a timely objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate's report to which objections are filed."). Even in the absence of a specific objection, the district judge reviews any legal conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

## ANALYSIS

On a motion for default judgment, a court may award damages "only if the record adequately reflects the basis for [the] award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quotation omitted). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, a court must hold an evidentiary hearing to determine the amount of damages. *See id.* at 1543–44. However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any

additional evidence would be truly unnecessary to a fully informed determination of damages." *Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

The magistrate judge determined—and Plaintiff does not dispute—that Plaintiff did not adduce sufficient evidence to support an award of punitive damages or prejudgment interest. (Dkt. 19 at 12–14; *see* Dkt. 20.) The magistrate judge also determined that Plaintiff had provided insufficient information to support an award of actual damages because its motion appeared to seek duplicative relief—$1,238,364.27 under each of its three claims. (Dkt. 19 at 11–12; *see* Dkt. 18 at 12.) The magistrate judge correctly concluded that duplicative recovery is not permitted. (Dkt. 19 at 12.) *See Dassault Systèmes Solidworks Corp. v. Linear Eng'g & Mfg. Corp.*, No. 8:23-cv-1444-KKM-AEP, 2024 WL 2874842, at *6 (M.D. Fla. May 21, 2024) ("Here, although [the p]laintiff had plead[ed] recovery under [three discrete] theories . . . , each of these claims arise[s] from a single injury . . . . Thus, because 'no duplicati[ng] recovery of damages for the same injury may be had,' [the p]laintiff is entitled to only a single award of damage[s] regardless of the theory under which it is awarded." (quoting *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1203 (11th Cir. 2009))), *report and recommendation adopted by* 2024 WL 3289519, at *2. Accordingly, and because an evidentiary hearing will already be required as to Plaintiff's entitlement to punitive damages and prejudgment interest, the magistrate judge recommends that the court defer ruling on actual damages and refer the matter for final resolution at an evidentiary hearing or trial. (Dkt. 19 at 13–15.)

Plaintiff argues that the magistrate judge erred only in not recommending an award of $1,238,364.27 in actual damages. (Dkt. 20 at 4.) Plaintiff asserts that its motion clearly sought alternative, rather than duplicative, relief. (*Id.* at 5–7.) However, the court agrees with the magistrate judge that Plaintiff's motion appears to seek duplicative relief. (*See* Dkt. 18 at 12.) Plaintiff cites *Dassault Systèmes* to support its argument that it is entitled to an award of actual damages without an evidentiary hearing, (Dkt. 20 at 6), but that decision—which is not binding on this court—merely supports the conclusion that the court may "award[] damages under the theory that will allow the maximum recovery"—not that the court must do so, *Dassault Systèmes*, 2024 WL 2874842, at *7; *see Smyth*, 420 F.3d at 1232 n.13 (noting that evidentiary hearings as to damages "are required in all but limited circumstances" (quotation omitted)). Moreover, as the recommendation observes, (Dkt. 19 at 11–14), Plaintiff's failure to properly support its motion with legal authority and argument with respect to damages makes the motion generally unpersuasive. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."), *overruled in part on other grounds by United States v. Durham*, 795 F.3d 1329, 1331 (11th Cir. 2015) (en banc) ("The only rule affected is the rule concerning the effect of a failure to raise a claim or theory in the opening brief that a party files where that claim or theory is based on an intervening Supreme Court decision.").

Where, as here, the actual damages sought are not clear, and additional proceedings are already required as to other damages claims, the court agrees with the

magistrate judge that the prudent course of action is to defer ruling as to all the claimed damages until the record is fully developed. *See Armadillo Distrib. Enters., Inc. v. Hai Yun Instruments Mfr. Co.*, 142 F. Supp. 3d 1245, 1255 (M.D. Fla. 2015) ("Although a defaulted defendant admits the well-pleaded allegations of liability, the court must determine the amount and character of damages to be awarded. If a court determines a default judgment is warranted, it may hold a hearing for purposes of assessing damages. However, a hearing is not required or mandatory if sufficient evidence is submitted to support the claimed damages." (citations omitted)).

## CONCLUSION

Accordingly:

1. The recommendation (Dkt. 19) is **ADOPTED**.

2. Plaintiff's motion (Dkt. 18) is **GRANTED in part** and **DENIED in part**. The motion is **granted** as to liability. The motion is otherwise **denied**, and the court **DEFERS** ruling as to Plaintiff's entitlement to damages.

3. The issue of damages is **REFERRED** to the magistrate judge to conduct all appropriate proceedings, up to and including an evidentiary hearing, and to issue a report and recommendation on entitlement to and quantification of damages.

**ORDERED** in Orlando, Florida, on July 3, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record